UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**Hon. Hugh B. Scott**

09CR82S

**Order**

MARK SMITH,

Defendant.

Before the Court is defendant's oral motion for production of audio recordings. At a status conference on March 30, 2009, defendant stated that the Government had not produced these records but the Government offered to produce transcripts of these tapes. Defendant, however, insisted upon production of the tapes themselves. The Court ordered the parties to submit authority on this issue by April 14, 2009. (Text minute entry of Mar. 30, 2009.) Defendant (Docket No. 3) and the Government (Docket No. 2) submitted this authority and the matter was deemed submitted as of April 14, 2009. Time was excluded from the Speedy Trial Act calculation due to this pending motion (see text minute entry of Mar. 30, 2009).

BACKGROUND

This is a single count drug possession with intent to distribute prosecution, part of a number of prosecutions (see also Docket No. 2, Gov't Memo. at 2-3; Docket No. 3, Def. Memo. at 3 n.1, listing other cases where defense counsel raised similar issue) arising from raids in Niagara Falls, New York. Defendant was charged with possessing five grams or more of a

substance containing cocaine base on or about May 19, 2008, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Docket No. 1, Indict.).

The Government states that it made at least one recording between defendant and a confidential informant (Docket No. 2, Gov't Memo. at 2). Since this case arose with other drug and firearm trafficking cases, the Government generally concludes that "there is a clear danger to witnesses, especially including those witnesses who recorded their conversations with defendants (including , in this case, defendant Mark Smith)" (id. at 3). The Government offers to defer production of the actual recordings until thirty days prior to trial and would immediately produce transcripts of the recordings, in order to protect the confidential informant (id. at 3, 6-7).

Defendant argues that these recordings should be produced pursuant to Rule 16 (Docket No. 3, Def. Memo. at 3-6). Defendant disputes whether the Government articulated a threat to the confidential cooperating witnesses to justify a protective Order (id. at 5).

## DISCUSSION

As an initial matter, it is undisputed that the tapes are generally discoverable under Rule 16. Rule 16(a)(1)(B) states that on the request of the defendant, "the government must disclose to the defendant, and make available for inspection and copying . . . any relevant . . . recorded statement by the defendant" if the statement is in the government's possession. However, Rule 16(d)(1) provides a court with the authority to defer inspection or discovery. Rule 16(d)(1) provides:

> At any time the court may, for good cause shown, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect *ex parte*. If relief is granted, the court must preserve the entire text of the party's statement under seal.

In the instant matter, the Government seeks a protective Order on the grounds that the production of the actual recordings would endanger witnesses including confidential informants. Further, the Government contends that this case is "associated" with other prosecutions arising out of Niagara Falls, New York, involving narcotics trafficking and firearm offenses. (Docket No. 2, Gov't Memo. at 2-3.)

The Supreme Court has held that, in construing the Government's obligations under Rules 16 and 17 of the Federal Rules of Criminal Procedure, the Court should "be solicitous to protect against disclosures of the identity of informants," Bowman Dairy Co. v. United States, 341 U.S. 214, 221 (1951). This is consistent with the protection provided to Government witnesses under the Jencks Act, 18 U.S.C. § 3500. The purpose of this protection is to safeguard witnesses from possible reprisals, and thus, is consistent with the "strong public interest in encouraging the free flow of information to law enforcement officers" used to justify secreting informants' identities, see United States v. Ciambrone, 601 F.2d 616, 626 (2d Cir. 1979); United States v. Tucker, 380 F.2d 206, 213 (2d Cir. 1967); see also United States v. Nava-Salazar, 30 F.3d 788 (7th Cir. 1994)(delay in providing discoverable information to the defendant was justified to protect investigation and safety of informants based upon ex parte submissions to the Court pursuant to Rule 16(d)(1)).

The issue here is the manner in which defendant's statements are to be produced well in advance of trial. In the instant case, the Government has articulated a sufficient basis for the Court to conclude that disclosure of the identity of the confidential informant by producing the audio recordings at this time would pose a threat to that individual. Under the circumstances, the production of the transcripts of the audio recordings containing the statements of the defendant,

3

and the context of those statements by including the transcript of others recorded in the conversation, allows the defendant to adequately prepare for trial in this matter while protecting the identity and safety of the Government's confidential informants. The defendant has not established that the pre-trial disclosure of the actual recordings when transcripts will be furnished or the identities of any informants is essential to his defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.), cert. denied, 489 U.S. 1089 (1988). Rule 16 does not require the Government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d. Cir.), cert. denied, 498 U.S. 921 (1990). It is sufficient that the audio recordings be produced prior to trial, along with the Jencks Act material as directed in the trial order issued by the District Court Judge in this case.

## CONCLUSION

Based on the above, the Government's request for a Protective Order (see Docket No. 2) against producing audio recordings to defendant is **granted**; the Government shall produce a copy of the transcript of the audio recordings including the statements of the defendant with the confidential informants as soon as practicable. The Government then shall produce copies of the audio recordings at least thirty (30) days prior to trial in this case or as directed by the presiding District Judge.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      May 13, 2009